UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS A. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15-cv-9230 |
| | ) |
| DEUTSCHE BANK NATIONAL TRUST COMPANY | ) Judge John W. Darrah |
| and PAUL ACHLEITNER, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Thomas Williams filed a Complaint against Defendants Deutsche Bank National Trust Company ("Deutsche Bank") and Paul Achleitner ("Achleitner") for conspiracy to violate Plaintiff's civil rights. Defendants filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, Defendants' Motion [18] is granted.

## **BACKGROUND**

The following facts are taken from Plaintiff's Complaint and the parties' filings[1]. Plaintiff alleges that Defendants "falsely" foreclosed on real property located at 1852 Longfellow Court, Berkeley, Illinois, 60163 (the "Property") and filed a "false" forcible detainer action. Plaintiff also alleges that he has an interest in the Property through a quitclaim deed executed by Allison C. Hubbard and Portia Sherice Hubbard (the "Hubbards") on

---

[1] Defendants state several additional facts to support their Motion to Dismiss. As the Court may take judicial notice of matters of public records, such as real property records and court orders, these additional facts will be accepted as true for the purposes of this Motion. *See Geinosky v. City of Chicago,* 675 F.3d 743, 745 n.1 (7th Cir. 2012).

February 19, 2009 (the "Quitclaim Deed"). On May 11, 2010, Deutsche Bank filed a foreclosure action against the Hubbards in the Circuit Court of Cook County, Illinois (the "Foreclosure"). Notice of the Foreclosure was recorded on May 20, 2010. At the time the Foreclosure was filed, Plaintiff had no recorded interest in the Property. The Quitclaim Deed was recorded with the Cook County Recorder of Deeds on November 16, 2013. On November 5, 2014, the Circuit Court of Cook County entered a final judgment of foreclosure and sale. Deutsche Bank purchased the Property at a judicial sale on February 9, 2015. The deed was recorded on April 28, 2015.

On September 29, 2015, Deutsche Bank filed a forcible detainer action in the Circuit Court of Cook County, Illinois, to evict occupants of the Property. The Circuit Court of Cook County entered an order, giving Deutsche Bank possession of the Property on October 29, 2015. Plaintiff requested leave to amend his Complaint on January 19, 2016. As of the date of this decision, Plaintiff has not done so.

## LEGAL STANDARD

*Rule 12(b)(6)*

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must allege enough facts to support a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All well-pleaded allegations are presumed to be true, and all inferences are read in the light most favorable to the plaintiff. *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). This presumption is not extended to "legal conclusions, or threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). The complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555).

*Rule 12(b)(1)*

A Rule 12(b)(1) motion challenges federal jurisdiction, and the plaintiff bears the burden of establishing the elements necessary for jurisdiction, including standing, have been met. *Scanlan v. Eisenberg*, 669 F.3d 838, 841-42 (7th Cir. 2012). In ruling on a 12(b)(1) motion, the court may look outside of the complaint's allegations and consider whatever evidence has been submitted on the issue of jurisdiction. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). For purposes of a motion under Rule 12(b)(1) or Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Scanlan*, 669 F.3d at 841; *Tamayo*, 526 F.3d at 1081.

However, the pleadings of *pro se* litigants are not held to the same stringent standards as pleadings drafted by formally trained lawyers; instead, they must be liberally construed. *See Kyle II v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999) (citing *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 378 (7th Cir. 1988)). Under this standard, a *pro se* complaint "may only be dismissed if it is beyond doubt that there is no set of facts under which the plaintiff could obtain relief." *Wilson*, 839 F.2d at 378. However, the court "is not to become an advocate" for the *pro se* plaintiff, *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996); and the complaint still must be "otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998).

3

**ANALYSIS**

On February 18, 2016, a briefing schedule was set for Defendant's Motion. Plaintiff was given leave to file a Response by March 18, 2016. As of the date of this Memorandum Opinion and Order, Plaintiff had not done so.

*Plaintiff's § 1983 Claim*

Plaintiff's Complaint alleges that Defendants conspired to violate his civil rights under 42 U.S.C. §§ 1983, 1985 and 1986. To state a claim under § 1983, a plaintiff "must allege that a government official, acting under color of state law, deprived [him] of a right secured by the Constitution or laws of the United States." *Estate of Sims ex rel. Sims v. Cty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007). Plaintiff fails to name the government entity or official in his Complaint and fails to allege that Defendants acted under color of law. Neither Defendant is a government official. There is no right of action under § 1983 against a private individual absent allegations that the individual acted under color of law; thus, Plaintiff fails to state a claim under § 1983.

*Plaintiff's § 1985 and § 1986 Claims*

"To establish a claim for civil conspiracy under § 1985(3), a plaintiff must demonstrate (1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of a conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens." *Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002). The plaintiff also must show some racial, or otherwise class-based, invidiously discriminatory animus behind the conspirators' actions. *Id.* Plaintiff's

Complaint has no factual allegations that support a claim of conspiracy under § 1985. Plaintiff does not allege that he is a member of a protected class, nor does he allege that Defendants displayed discriminatory animus toward him due to his status as a member of that class. Plaintiff also fails to allege that Defendants conspired to deprive him of equal protection under the law. Thus, to the extent that Plaintiff's Complaint alleges a claim under § 1985, it fails to state a claim.

As Plaintiff's Complaint sets forth no cause of action under § 1985, Plaintiff has no cause of action under § 1986, as § 1986 "merely gives remedy for misprision of a violation of 42 U.S.C. § 1985." *D'Amato v. Wisconsin Gas Co.*, 760 F.2d 1474, 1485 (7th Cir. 1985).

*Federal Jurisdiction*

Defendants argue that this Court lacks jurisdiction over Plaintiff's claim under the *Rooker-Feldman* doctrine because it seeks review of the judgment of foreclosure or order of possession entered by the Circuit Court of Cook County. Under the *Rooker-Feldman* doctrine, lower federal courts do not have the authority to engage in appellate review of state-court determinations. *Centres, Inc. v. Town of Brookfield, Wis.*, 148 F.3d 699, 702 (7th Cir. 1998). As Plaintiff failed to state a claim under Rule 12(b)(6), it is not necessary to determine the applicability of the *Rooker-Feldman* doctrine here.

As noted above, Plaintiff failed to file a response to Defendants' Motion. Plaintiff's Complaint is 81 pages, including exhibits, and makes very few factual allegations. Even making all inferences in the light most favorable to Plaintiff, it is difficult to discern exactly what the Complaint is alleging. The Court is not required to "scour a record to locate evidence supporting a party's legal argument" nor "research and construct the parties' arguments." *See Davis v. Carter*, 452 F.3d 686, 692 (7th Cir. 2006). Thus, Defendants' Motion to Dismiss is granted.

## CONCLUSION

For the reasons discussed above, Defendants' Motion [18] is granted. Plaintiff's Complaint is dismissed with prejudice.

Date:   June 28, 2016

JOHN W. DARRAH
United States District Court Judge